```
FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ AUG 12 2011

BROOKLYN OFFICE
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DARLINGTON AMADASU,

        Plaintiff,

    - against -

SEMA FELIX NGATI, LAW OFFICES OF S.
FELIX NGATI, ERIC ABAKPORO, and LAW
OFFICES OF ERIC ABAKPORO,

        Defendants.
----------------------------------------------------------------X

**MEMORANDUM & ORDER**
05-CV-2585 (RRM)(LB)

**MAUSKOPF, United States District Judge.**

On March 4, 2011, the defendants in this case moved for summary judgment as to all of *pro se* plaintiff's claims (Doc. No. 65), which motion this Court referred to the assigned Magistrate Judge, the Honorable Lois Bloom. By Order dated March 4, 2011, Judge Bloom directed plaintiff to oppose defendants' motions by April 7, 2011. (Doc. No. 65.) Rather than complying with Judge Bloom's Order, plaintiff moved on April 4, 2011 for additional time to conduct discovery before opposing defendants' motions, pursuant to Federal Rule of Civil Procedure 56(d). (Doc. No. 66.) Judge Bloom denied that request on April 15, 2011, and directed plaintiff to serve and file his opposition to the defendants' summary judgment motions by May 13, 2011. (Doc. No. 67.) Plaintiff instead filed this appeal from Judge Bloom's April 15, 2011 order. (Doc. No. 68.) The Court has reviewed the Judge Bloom's Order and finds that it is neither erroneous nor contrary to law. Accordingly, plaintiff's objections are DENIED and Judge Bloom's April 15, 2011 Order is AFFIRMED.

In reviewing a magistrate judge's determination of a non-dispositive issue, district courts use the "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir.), *cert. denied*,



498 U.S. 846 (1990). Generally, pretrial discovery issues are considered non-dispositive, because they leave unresolved the substantive claims for relief in the action. *See Hoar*, 900 F.2d at 525.

As such, Judge Bloom's decision must be reviewed under a "clearly erroneous" standard of review. A decision is "clearly erroneous" "when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum*, 333 U.S. 364, 395 (1948). Magistrate judges have broad discretion in determining pre-trial discovery issues, such that reversal is warranted only when that discretion is abused. *Fed. Ins. Co. v. Kingbury Props., Ltd.*, Nos. 90 Civ. 6211 (JMC), 90 Civ. 6357 (JMC), 1992 WL 380980, at *2 (S.D.N.Y. Dec. 7, 1992). Additionally, that "reasonable minds may differ on the wisdom of granting [a party's] motion" does not mean that the decision is clearly erroneous or contrary to law. *Pemrick v. Stracher*, No. 90 Civ. 849, 1992 WL 697636, at *1 (N.D.N.Y. Mar. 27, 1992).

Plaintiff seeks to compel defendants to respond to his interrogatories and document requests, served on defendants on October 3, 2006. (Doc. No. 66.) He has submitted an affidavit articulating, in general terms, his inability to prepare affidavits in opposition to defendants' motions without their responses to these discovery requests. (Doc. No. 66-1.) The plaintiff's current objections are rather voluminous, but boil down essentially to the contention that Judge Bloom abused her discretion and misapplied the law in ruling against plaintiff's motion. Plaintiff has not shown that Judge Bloom's April 15, 2011 Order was clearly erroneous or contrary to law or that she abused her discretion in finding against plaintiff. The Court, fully aware of plaintiff's *pro se* status, accordingly affirms Judge Bloom's April 15, 2011 Order.

## ANALYSIS

Under amended Rule 56(d), if the party opposing summary judgment "shows by affidavit or declaration that, for specific reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declaration or to take discovery; or (3) issue any other appropriate order," Fed. R. Civ. P. 56(d) (formerly Fed. R. Civ. P. 56(f) (2009)). The non-moving party must, by affidavit, show: "(1) what facts are sought [to resist the motion] and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts." *Miller v. Wolpoff & Abramson, LLP.*, 321 F.3d 292, 303 (2d Cir. 2003) (internal quotation marks and citation omitted). "Even where a Rule 56(f) motion is properly supported, a district court may refuse to allow additional discovery if it deems the request to be based on speculation as to what potentially could be discovered." *Nat'l Union Fire Ins. Co. v. Stroh Cos., Inc.*, 265 F.3d 97, 117 (2d Cir. 2001) (internal quotation marks and citation omitted). The discovery sought must be "material to the opposition of the summary judgment motion." *Sage Realty Corp. v. Ins. Co. of N. Am.*, 34 F.3d 124, 128 (2d Cir. 1994) (citation omitted). A "bare assertion that the evidence supporting plaintiff's allegations is in the hands of the moving party is insufficient to justify the denial of summary judgment." *Jasco Tools, Inc. v. Dana Corp.*, 574 F.3d 129, 149 (2d Cir. 2009) (citation omitted). Additional discovery may be denied "if the nonmoving party has had a fully adequate opportunity for discovery." *Trebor Sportswear Co., Inc. v. The Limited Stores, Inc.*, 865 F.2d 506, 511 (2d Cir. 1989) (internal quotation marks and citation omitted).

Judge Bloom denied plaintiff's request, pointing to the deficiency of the affidavit itself and to the protracted length of time between the completion of the discovery period and the

3

plaintiff's belated request. This Court finds that Judge Bloom's determinations were not clearly erroneous or contrary to law. This is not an action in which defendants' motions for summary judgment were filed prior to plaintiff's ability to conduct discovery. Instead, defendants' motions were filed March 4, 2011, long after the December 8, 2006 deadline for completion of discovery. (Doc. No. 29.) Plaintiff had ample opportunity to engage in discovery or to appeal those findings and has failed to proffer any reason for the five year delay in propounding discovery requests. *See also Trebor Sportswear*, 865 F.2d at 511.

Second, Judge Bloom found, and this Court agrees, that "plaintiff's affidavit fails to state what specific facts are sought and how those facts would create a genuine issue of material fact. Plaintiff merely references his discovery requests in their entirety and states in a conclusory fashion that such discovery would enable him to 'establish existence of genuine issues of material facts' and 'establish prima facie evidence of his claims' of legal malpractice." (Order, Apr. 15, 2011 (Doc. No. 67).) These claims are based on sheer speculation, and do not rise to the level of specificity required. Judge Bloom's determination that plaintiff failed to make the showing required by Rule 56(d) of the Federal Rules of Civil Procedure is thus not clearly erroneous of contrary to law. Accordingly, his motion is DENIED.

Likewise, plaintiff has had ample time and opportunity to oppose defendants' motions for summary judgment. Therefore, his motion for an extension of time to file a response to the motions is also DENIED.

## **CONCLUSION**

Having reviewed the record, the parties' submissions, and the applicable law, and for the reasons stated above, the Court

ORDERS that plaintiff's appeal from Judge Bloom's April 15, 2011 Order is DENIED; and the Court further

ORDERS that Judge Bloom's April 15, 2011 Order is AFFIRMED.

SO ORDERED.

Dated: Brooklyn, New York
August 12, 2011

ROSLYNN R. MAUSKOPF
United States District Judge