UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
DARLINGTON AMADASU,

        Plaintiff,

    - against -

SEMA FELIX NGATI, LAW OFFICES OF S.
FELIX NGATI, ERIC ABAKPORO, and LAW
OFFICES OF ERIC ABAKPORO,

        Defendants.
-----------------------------------------------------------X

**MEMORANDUM & ORDER**
05-CV-2585 (RRM)(LB)

ROSLYNN R. MAUSKOPF, United States District Judge.

    Before the Court are *pro se* plaintiff Darlington Amadasu's September 28, 2011 filings, entered on ECF as: (1) a motion to vacate and set aside the Court's September 2, 2011 Memorandum and Order adopting the August 15, 2011 Report and Recommendation ("R&R"); (2) a cross-motion for summary judgment against Eric Abakporo and the Law Offices of Eric Abakporo; and (3) an opposition to defendants' motions for summary judgment. (Doc. Nos. 73, 74, 76.)[1]  For the reasons set forth below, the September 2, 2011 Memorandum and Order is VACATED *sua sponte*, all of plaintiff's motions are DENIED, and the Court adopts the August 15, 2011 R&R in its entirety.

## BACKGROUND

    Familiarity with the factual background of this action, set forth in detail in the R&R (Doc. No. 70 at 1-4), is assumed.  On March 4, 2011, defendants were permitted to move for summary judgment on all of plaintiff's claims *nunc pro tunc*. (Doc. No. 65.)  By Order entered March 7, 2011, this Court referred those motions to the assigned Magistrate Judge, the Honorable Lois Bloom, for a Report and Recommendation ("R&R").  Plaintiff was instructed by

---

[1] Plaintiff has also erroneously docketed a request for an extension of time as a motion. (Doc. No. 72.)

Judge Bloom to file his opposition to the motions by April 7, 2011. (*Id.*) However, instead of opposing the motions, plaintiff moved pursuant to Rule 56(d) of the Federal Rules of Civil Procedure for additional time to conduct discovery. (Doc. No. 66.) On April 15, 2011, Judge Bloom denied plaintiff's Rule 56(d) motion but extended his time to oppose the defendants' motions to May 13, 2011. (Doc. No. 67.)

Nevertheless, on May 9, 2011, instead of filing an opposition, plaintiff: (1) moved to stay adjudication of the summary judgment motions; (2) sought an extension of time file an opposition; and (3) objected to Judge Bloom's April 15, 2011 order. (Doc. No. 68.) On August 12, 2011, this Court affirmed Judge Bloom's April 15, 2011 order denying plaintiff's Rule 56(d) motion. (Doc. No. 69.) On August 15, 2011, Judge Bloom issued an R&R recommending that the Court grant defendants' motions for summary judgment as to plaintiff's legal malpractice claim against defendant Ngati and his law firm. (Doc. No. 70.) She further recommended that the motion for summary judgment be denied as to plaintiff's legal malpractice claim against Abakporo and his law firm. (*Id.*) Judge Bloom reminded the parties that, pursuant to Rule 72(b), any objection to the R&R was due by September 1, 2011. (*Id.*)

On August 29, 2011, plaintiff filed a letter with the court seeking an extension of time to object to Judge Bloom's R&R. (Doc. No. 72.) Notably, plaintiff's letter did not seek leave to file an untimely opposition to defendants' motions or a cross-motion. Due to a clerical error, plaintiff's request was not initially brought to the attention of the Court until several days after its receipt. On September 2, 2011, unaware of plaintiff's request, the Court issued a Memorandum and Order adopting Judge Bloom's R&R. (Doc. No. 71.) On September 28, 2011, plaintiff filed the instant motions. (Doc. Nos. 73, 74, 76.)

Despite their straightforward titles, plaintiff's filings are voluminous and confusing. The first document, although titled as a motion to vacate the September 2, 2011 Memorandum and Order, sets forth: (1) the various relief sought by plaintiff in all of his filings; (2) what could be a Local Rule 56.1 statement; and (3) standards of review for an abuse of discretion by a district court and for a district court's review of an administrative decision. (Pl. First Filing (Doc. No. 73) at 1-3.)[2] The document also sets forth legal arguments attacking various aspects of the R&R, such as Judge Bloom's reference "to defendants' affirmations in the R&R as Affidavits." (*Id.* at 4.) Additionally, plaintiff expresses his agreement with the conclusions of the R&R to the extent that it denied defendants summary judgment in part. (*Id.* at 5.)

The second document filed by plaintiff appears to be a brief in support of a cross-motion, but also purports to be a "Concurrence with Magistrate's Report & Recommendation as to Abakporo and its Law Office." (Pl. Second Filing (Doc. No. 74) at 1.) Indeed, this filing makes legal arguments covering both of those issues, but also includes arguments that could be construed as either opposition to the defendants' motions or objections to the R&R. (*See, e.g.*, *id.* at 12 ("Affirmations of Abakporo is illegal, jurisdictionally defective and must not be considered in that it failed to meet the four basic requirements of Rule 56(c)(4) for an affidavit or declaration.").) To make it more confusing, the filing concludes with what plaintiff describes as a Due Process argument based on the Court's alleged non-compliance with Federal Rule of Civil Procedure 1. (*Id.* at 21 ("[T]his court's maneuvering and manipulation of the normal judicial process [sic] in failing to promote the goals of Rule 1 'interfere with the just and speedy

---

[2] Because all three of plaintiff's filings seem to address each of plaintiff's purported motions, and thus are not discreet briefs in support of a particular motion, the Court refers to plaintiff's filings in the order in which they appear on ECF (i.e., "first," "second").

determination of this action' and 'judicial economy.'").)[3]  The third document filed by plaintiff is 82 pages and contains legal arguments pertaining to plaintiff's cross-motion, opposition and objections to the R&R.  (Pl. Third Filing (Doc. No. 76).)

In addition to the documents described above, plaintiff also filed several hundred pages of affidavits and exhibits supporting his legal arguments.  (Doc. Nos. 75, 77.)  The first affidavit and set of exhibits appear to contain material relevant to plaintiff's claims against the Abakporo defendants.  (Doc. No. 75.)  The second affidavit and set of exhibits appear to contain material relevant to plaintiff's claims against the Ngati defendants.  (Doc. No. 77.)

As an initial matter, plaintiff's request for an extension of time to file objections to the R&R (Doc. No. 72) is granted, and therefore the September 2, 2011 Memorandum and Order is hereby vacated *sua sponte*.[4]  The Court will thus consider plaintiff's objections to Judge Bloom's August 15, 2011 R&R as if they had been timely filed.  Reviewing those objections *de novo*, the Court finds them to be without merit.  With regard to new evidence and legal arguments presented in conjunction with plaintiff's objections, the Court concludes that plaintiff did not properly cross-move and/or oppose the defendants' motions; as such, the Court will not address the merits of those filings

---

[3] The Court notes the irony of an argument that it denied the plaintiff Due Process through dilatory actions in a case where plaintiff has repeatedly sought stays, extensions of time and appellate review of various interlocutory rulings. (*See* Doc. Nos. 13, 36, 43, 47, 51, 66, 68, 72.)
[4] To be clear, the filing submitted by plaintiff seeking to vacate the September 2, 2011 Memorandum and Order does not set forth any basis for the Court to grant that relief.

## DISCUSSION

### I. Plaintiff's Objections to the R&R

When reviewing a magistrate's report and recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A court must make a *de novo* determination to the extent that a party makes specific objections to a magistrate's findings. *Id.*; *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). Objections must be specific and clearly aimed at particular findings in the magistrate's proposal. *See Camardo v. Gen. Motors Hourly–Rate Employees Pension Plan*, 806 F. Supp. 380, 381–82 (W.D.N.Y. 1992). When a party makes conclusory or general objections, or simply reiterates the original arguments, the court will review the report only for clear error. *See, e.g.*, *Frankel v. City of New York*, 2009 WL 465645, at *2 (S.D.N.Y. Feb. 25, 2009); *Pearson–Fraser v. Bell Atl.*, 2003 WL 43367, at *2 (S.D.N.Y. Jan. 6, 2003); *Camardo*, 806 F. Supp. at 382. Similarly, "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke *de novo* review. . . ." *Vega v. Artuz*, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002).

Plaintiff has peppered his September 28, 2011 filings with arguments directly attacking the R&R. Despite the number and length of these arguments, they all essentially state one objection – that the defendants submitted "illegal and inadmissible [affirmations] under Rule 56(c)(2)" and that Judge Bloom "improperly transformed the inadmissible illegal Affirmations into 'legitimate admissible Affidavits' and improperly construed them in her R&R." (Pl. Third Filing (Doc. No. 76) at 78.) While this objection arguably does not pertain to Judge Bloom's

"findings," *see Camardo*, 806 F. Supp. at 381-82, it is sufficiently "specific" to qualify as an objection.

In support of this argument, plaintiff cites Federal Rule of Civil Procedure 56(c)(2), which provides that "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." While plaintiff may object to the admissibility of evidence pursuant to Rule 56(c)(2), the Rule does not state a prohibition on submitting an affirmation in support of a motion for summary judgment. To the contrary, Rule 56(c)(1)(A) provides a non-exclusive list of materials a party may submit to establish or dispute a fact, which includes "affidavits or declarations . . . or other materials." Plaintiff cites no case law or procedural rule that prohibits a party from filing an affirmation, and the Court is unaware of such a rule.[5]

Plaintiff's remaining objections are either unintelligible or not sufficiently specific to warrant review. *See Camardo*, 806 F. Supp. at 382 ("It is reasonable to place upon the parties the duty to pinpoint those portions of the magistrate's report that the district court must specifically consider."). For example, plaintiff cites language from Tenth Circuit cases discussing abuse of discretion, but then argues in the next paragraph that Judge Bloom granted defendants partial summary judgment based on plaintiff's failure to file an opposition. (Pl. Third Filing (Doc. No. 76) at 80.) Also, plaintiff generally argues that the R&R is not supported by the record, but he fails to cite any specific facts that Judge Bloom ostensibly overlooked. (*Id.*) Therefore, plaintiff's objections have no merit.

---

[5] New York Civil Practice Law and Rules sections 2106 and 3212, cited by plaintiff for the proposition that an attorney may not submit an affirmation in support of a motion for summary judgment, are procedural and thus do not govern the adjudication of summary judgment in a diversity action in federal court. *See Holster v. Gatco, Inc.*, 485 F. Supp. 2d 179, 182-83 (E.D.N.Y. 2007) ("[W]here the matter in question is one covered by the Federal Rules of Civil Procedure, it is settled that the Federal Rule applies regardless of contrary state law.") (citations and quotation marks omitted).

Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, the Court has reviewed the remainder of the R&R for clear error and, finding none, concurs with the R&R (Doc. No. 70) in its entirety. *See Covey v. Simonton*, 481 F. Supp. 2d 224, 226 (E.D.N.Y. 2007).

**II.     New Evidence**

A district court has discretion to consider new evidence raised for the first time in an objection to a magistrate judge's R&R. *Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998). The *Hynes* court explained that "[u]nder 28 U.S.C. § 636(b)(1), [a] Magistrate Judge's Report-Recommendation [is] subject to *de novo* review as to those issues upon which the parties raised objections . . . . [and] [b]oth § 636(b)(1) and Fed. R. Civ. P. 72(b) explicitly permit the district court to receive additional evidence as part of its review." *Id.* (citations omitted); *see also* 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 3070.2, at 378 (1997) ("The statute and the rule both confirm, further, that the district judge is completely free to supplement the record developed by the magistrate judge with further evidence."). Nevertheless, a court is free to exercise its discretion to refuse to consider evidence submitted after an R&R has been issued. *See, e.g.*, *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) (finding no abuse of discretion in district court's refusal to consider supplemental evidence); *Pan American World Airways, Inc. v. International Bhd. of Teamsters*, 894 F.2d 36, 40 n.3 (2d Cir. 1990) (holding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff offered no justification for not offering the testimony at the hearing before the magistrate).

Plaintiff has submitted voluminous exhibits in support of his opposition and cross-motion. Discovery in this case closed on December 8, 2006, (Doc. No. 37), and Judge Bloom set a briefing schedule for summary judgment motions and opposition in 2007. (Doc. No. 38.)

Despite confusion regarding the precise date upon which defendants properly filed and served plaintiff with motions for summary judgment, (Doc. No. 60), plaintiff was aware in 2007 that such motions would be filed and thus had more than sufficient time and opportunity to organize the evidence he would use to file an opposition and/or cross-move. The only explanation plaintiff offers for his delay is that "he was exercising his right within the law or rule to move to compel, object to magistrate's denial thereof, and appeal to district judge Mauskopf." (Pl. Third Filing (Doc. No. 76) at 80.)

Nothing about plaintiff's conduct in this situation justifies allowing him to submit several hundred pages of exhibits at this late stage. Plaintiff does not claim any reasonable confusion or mistake, or any other barrier to filing a timely response. *See, e.g.*, *Hynes*, 143 F.3d at 656 (defendant claimed to have been unaware the magistrate judge would reach a particular issue and thus did not submit evidence thereon). But plaintiff had ample opportunity to file anything he pleased and instead chose to attempt to delay resolution of the summary judgment motions by filing various dilatory requests. (*See* Doc. Nos. 36, 66, 68.) Now, plaintiff has to live with his choice; the Court will not consider the evidence plaintiff submitted with his September 28, 2011 filings.

### III. New Legal Arguments

Whether a party may raise a new legal argument, or present an entire previously unasserted cross-motion or opposition, for the first time in objections to an R&R has not yet been decided in this Circuit. *See Wells Fargo Bank N.A. v. Sinnot*, 2010 WL 297830, at *2 (D. Vt. Jan. 19, 2010), Some Circuits have held that the *de novo* nature of a district court's review of an R&R requires the court to consider all arguments regardless of whether they were raised before the magistrate judge. *Id.* at *2 (citing *United States v. George*, 971 F.2d 1113, 1118 (4th Cir.

8

1992)). Others have held that a district court should not consider such arguments because to do so would negate efficiencies gained through the Magistrates Act and would permit litigants to change tactics after the issuance of an R&R. *See, e.g., Paterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988) ("an unsuccessful party is not entitled as of right to de novo review by the judge of an argument never seasonably raised before the magistrate."); *Cupit v. Whitley*, 28 F.3d 532, 535 & n.5 (5th Cir. 1994) (holding that a party waived an argument by failing to raise it before the magistrate judge); *Greenhow v. Sec'y of Health & Human Servs.*, 863 F.2d 633, 638 (9th Cir. 1988) ("allowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act"), *overruled on other grounds by United States v. Hardesty*, 977 F.2d 1347, 1348 (9th Cir. 1992) (*en banc*); *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").
In *Williams v. McNeil*, 557 F.3d 1287, 1291-92 (11th Cir. 2009), the Eleventh Circuit adopted a standard that preserves the systemic efficiencies afforded by the Magistrates Act, while recognizing that the district court is vested with "ultimate adjudicatory power over dispositive motions." Accordingly, it held "that a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." *Id.* at 1292. The Eleventh Circuit's approach has gained acceptance in some district courts in this Circuit. *See, e.g., Wells Fargo*, 2010 WL 297830, at *2-4; *see also Machicote v. Ercole*, 2011 WL 3809920, at *6 & n.5 (S.D.N.Y. Aug. 25, 2011).

In so doing, courts have looked to a six-factor test to determine if new legal arguments should be allowed: (1) the reason for the litigant's previous failure to raise the new legal

9

argument; (2) whether an intervening case or statute has changed the state of the law; (3) whether the new issue is a pure issue of law for which no additional fact-finding is required; (4) whether the resolution of the new legal issue is not open to serious question; (5) whether efficiency and fairness militate in favor or against consideration of the new argument; and (6) whether manifest injustice will result if the new argument is not considered. *Wells Fargo*, 2010 WL 297830, at *4. In applying the six factors, the *Wells Fargo* court noted that it was "[g]uided by the Second Circuit's standards for consideration of new legal arguments raised for the first time in a motion for reconsideration, and its standard for considering new evidence in an objection to a magistrate judge's report and recommendation." *Id.*

In deciding whether to consider an argument raised for the first time on a motion for reconsideration, the Second Circuit looks to whether the argument is a "purely legal question" for which "there is no need for additional factfinding." *Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 159 (2d Cir. 2003). Consideration of a new argument is generally further confined to a legal issue "where the proper resolution is beyond any doubt." *Id.* With regard to whether a court should consider new evidence in an objection to an R&R, the Second Circuit has stated that "[c]onsiderations of efficiency and fairness militate in favor of a full evidentiary submission for the Magistrate Judge's consideration." *Hynes*, 143 F.3d at 656.

Regarding the first *Wells Fargo* factor, the reason that plaintiff previously failed to submit the new legal argument is that he sought to continue taking discovery. (*See* Doc. Nos. 36, 66, 68); *see also Wells Fargo*, 2010 WL 297830, at *4. As discussed above in connection with plaintiff's attempt to submit new evidence, the Court is not sympathetic to plaintiff's willful flouting of Judge Bloom's instructions that he submit an opposition to the summary judgment

10

motions. Admittedly, Judge Bloom never specifically instructed plaintiff to cross-move. But that changes nothing. Plaintiff was fully capable of understanding that he could assert a cross-motion during that round of dispositive motion practice and knowing whether the evidence adduced during discovery provided a basis for him to move for summary judgment. Indeed, plaintiff has not suggested that any misunderstanding of substantive or procedural law prevented him from filing a cross-motion prior to September 28, 2011.

Second, the state of the law has not changed, and thus no new ground for relief has become available to plaintiff. *Id.* Third, in plaintiff's favor, the Court would be deciding a purely legal issue – whether plaintiff or defendants are entitled to judgment as a matter of law. *Id.* Fourth, also in plaintiff's favor, the resolution of whether plaintiff or defendants are entitled to summary judgment is not open to serious question because the case is a straightforward legal malpractice action. *Id.*

Fifth, no manifest injustice will result if the Court declines to consider plaintiff's opposition and cross-motion because Judge Bloom undertook a thorough analysis of whether defendants were entitled to summary judgment. And judging by the content of plaintiff's instant filings, the Court does not see how Judge Bloom would have been assisted in her determination of the motions by any opposition plaintiff would have filed.[6] *Id.* In contrast, a manifest injustice would result if the Court undid all of the work that went into the resolution of the defendants' summary judgment motions by Judge Bloom. *See id.*, at *5 ("Judicial economy and fairness thus militate against the court's consideration of an argument that could and should have been raised before the Magistrate Judge."); *see also* Fed. R. Civ. P. 1 (Federal Rules of Civil Procedure

---

[6] Judge Bloom thoroughly discharged her obligation to determine whether defendants were entitled to judgment as a matter of law despite the unopposed status of defendants' motions. (*See* Aug. 15, 2011 R&R (Doc. No. 70) at 9-17 ("Even though plaintiff has not opposed defendants' motions, the Court must still determine whether defendants are entitled to judgment as a matter of law.").)

11

"should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."). Therefore, under the *Wells Fargo* test the Court should not consider plaintiff's new legal arguments.

While the factors set forth in *Wells Fargo* provide a useful means of balancing the equities of the situation at hand, the Court could not reach a contrary outcome under any other standard. The mere fact that plaintiff seeks to file an *entire* previously unasserted opposition and cross-motion after the R&R was issued, and after being repeatedly given extensions by Judge Bloom, is enough for the Court to exercise its discretion against considering plaintiff's new filings. Indeed, the Court finds the reasoning set forth by the First, Fifth, Ninth and Tenth Circuits to be more applicable to the facts at hand. Plaintiff's conduct in this case is anathema to "the purpose of the Magistrates Act," *Greenhow*, 863 F.2d at 638, and "systemic efficiencies would be frustrated," *Paterson-Leitch Co.*, 840 F.2d at 991, if the Court considered plaintiff's filings at this late stage. Therefore, the Court will not consider plaintiff's new legal arguments.

## CONCLUSION

Accordingly, the Court's September 2, 2011 Memorandum and Order (Doc. No. 71) is VACATED and the R&R is again adopted in its entirety. Defendants' motion for summary judgment (Doc. No. 62) is GRANTED as to the claim against Ngati and his law firm. Judgment shall enter in favor of Defendants Ngati and the Law Office of S. Felix Ngati. Summary judgment is DENIED as to the claim against Abakporo and his law firm (Doc. No. 63). Plaintiff's motion for an extension of time to file objections is GRANTED, (Doc. No. 72), and his motions are DENIED. (Doc. Nos. 73, 74, 76.)

This matter is re-committed to the assigned Magistrate Judge for supervision of any settlement discussions, and all remaining pre-trial issues.

The Clerk of Court shall mail a copy of this Memorandum and Order to all *pro se* parties.

SO ORDERED.

Dated: Brooklyn, New York
September 9, 2012

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge