UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DARLINGTON AMADASU,

                       Plaintiff,                                      MEMORANDUM AND ORDER
                                                          05-CV-2585 (RRM)(LB)

- against -

SEMA FELIX NGATI, LAW OFFICES OF S. FELIX
NGATI, ERIC ABAKPORO, and LAW OFFICES OF
ERIC ABAKPORO,

                       Defendants.
------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

       Magistrate Judge Lois Bloom issued a Report and Recommendation ("R&R") (Doc. No.

70) recommending that the Court grant defendants' motion for summary judgment as to

plaintiff's legal malpractice claim against defendant Ngati and his law firm, and deny

defendants' motion for summary judgment as to plaintiff's legal malpractice claim against

defendant Abakporo and his law firm.  By Memorandum and Order ("Order") (Doc. No. 78), this

Court adopted the R&R in its entirety, rejected plaintiff's objections to the R&R, and denied

plaintiff's cross-motion for summary judgment against defendant Abakporo and his law firm.

Now before the Court is *pro se* plaintiff Darlington Amadasu's "COMBINED MOTION FOR

OBJECTION, CORRECTION, DE NOVO REVIEW, etc. UNDER FRCP 46."  (Doc. No. 87.)

In this sixty-four page filing, plaintiff essentially challenges the Order, re-argues his objections

to the R&R, and requests that the court "conduct de novo determination of the present entire

record pursuant to Rule 72(b)(3) and Rule 46."  (*Id.* at 1.)

Because Federal Rules of Civil Procedure 72(b)(3) and 46 are plainly not proper bases for plaintiff's challenge[1] and plaintiff seeks relief from the Order, the Court will treat plaintiff's filing as a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60.

Local Civil Rule 6.3 requires that motions for reconsideration be "served within fourteen (14) days after the entry of the Court's determination of the original motion."  Local Civil Rule 6.3.  Here, plaintiff filed his motion seventy-eight days after the entry of the Order, well after the expiration of the fourteen-day period specified in Local Civil Rule 6.3.  For that reason alone, plaintiff's motion must be dismissed as untimely.

In any event, plaintiff's motion would be denied even if considered on its merits.  "A motion under Rule 60(b) is addressed to the sound discretion of the trial court."  *Velez v. Vassallo*, 203 F. Supp. 2d 312, 333 (S.D.N.Y. 2002).  "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  Such a motion is "neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have previously been made."  *Associated Press v. U.S. Dep't of Defense*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005).  Generally, district courts will only amend or alter a judgment "to correct a clear error of law or prevent manifest injustice."  *In re Assicurazioni Generali, S.P.A.*, 592 F.3d 113, 120 (2d Cir. 2010).

---

[1] The Court has already reviewed *de novo*, pursuant to Rule 72, plaintiff's objections to the R&R and found them to be without merit.  (*See* Order.)  Additionally, Rule 46 is inapplicable here.  Rule 46 provides that in civil trial proceedings, if the district court takes action contrary to that requested by a party or overrules an objection made by a party, "[a] formal exception to a ruling or order is unnecessary."  Fed. R. Civ. P. 46.  Where an exception had previously been necessary to preserve an issue for appeal, it is sufficient to "specifically stat[e] an objection to the court's ruling . . . to preserve that issue for appeal."  *Olin Corp. v. Certain Underwriters at Lloyd's London*, 468 F.3d 120, 132 (2d Cir. 2006) (citing Fed. R. Civ. P. 46).

Plaintiff has failed to point to any controlling decisions or data that the court overlooked. Indeed, much of plaintiff's submission merely restates "unintelligible or not sufficiently specific" contentions previously raised and rehashes those issues already considered and decided in the R&R and in the Order.  (*See* Order at 6.)  At best, plaintiff argues that that the R&R and the Order are void for a laundry list of alleged procedural and substantive errors.  (*See* Pl. Mot. at 5–6.)  This argument fails.  As the Supreme Court recently held, "[a] judgment is not void . . . simply because it is or may have been erroneous . . . [i]nstead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 130 S. Ct. 1367, 1377 (2010); *see also City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 138 (2d Cir. 2011) ("A judgment is void under Rule 60(b)(4) . . . if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.").  The Court finds that plaintiff has not set forth any basis in his motion upon which relief might be warranted under Rule 60.[2]  Again, such a motion "may not be used as a substitute for appeal." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009) (citation omitted).

---

[2] Plaintiff's allegations that various letters defendants wrote to the Court, certain Court orders, and plaintiff's motion for judicial notice constitute improper *ex parte* communications are plainly without merit.  (*See* Pl. Mot. at 18–19.) It is evident from the record that plaintiff was either copied on the communication he complains of or they pertained solely to a procedural matter.  *See Ocasio v. Fashion Inst. of Tech.*, 86 F. Supp. 2d 371, 375 (S.D.N.Y. 2000*) aff'd*, 9 F. App'x 66 (2d Cir. 2001) (finding that "letters sent by defense counsel to the Court" were not *ex parte* communications where plaintiff was "copied" on the correspondence); *Brady v. Marks*, 7 F. Supp. 2d 247, 255 (W.D.N.Y. 1998) (holding that telephone call made by attorney to the trial court judge in which the judge informed attorney that the defendant was not required to file response to civil rights complaint because plaintiff had been ordered to show cause why complaint should not be dismissed for failure to state a claim, did not constitute improper *ex parte* communication on merits of the case).

3

Accordingly, plaintiff's motion for reconsideration (Doc. No. 87) is DENIED.  The Clerk

of the Court is directed to mail a copy of this Memorandum and Order to plaintiff.


                                                              SO ORDERED.


Dated:  Brooklyn, New York                         *Roslynn R. Mauskopf*
           September 1, 2013                        _____
                                                              ROSLYNN R. MAUSKOPF
                                                              United States District Judge

4